REC'D APR 3 0 2010

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 7 - 2010

GREGORY C. LANGHAM
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. '10 - CV - 01063

(To be supplied by the court)

James R. Lawson

_____, Plaintiff,

v.

J. Ailn R.N. ,

_____,

Dr. Scott Anderson M.D.,

_____,

Carolyne M. Batchelor,

_____,

Marnie Barrian C.P.A,

_____,

Amy Bonifacio,

_____,

Jim W. Boye,

_____,

David Cannella,

_____,

**(CONTINUED ON THE NEXT PAGE)**

_____, Defendant(s).

(List each named defendant on a separate line.)

_____

**COMPLAINT    AND JURY DEMAND**

_____

(Rev. 07/06)

## (DEFENDANTS CONTINUED)

Scott Clements MD

Dr. Keith Dangleis MD.

Mike DeFranco

Dr. Thomas Drake MD.

Andrew Fedorwicz MD

Mr. Franklin

Graham Fuller

Mr. Goff

## (CONTINUED ON THE NEXT PAGE)

**(DEFENDANTS CONTINUED)**

Alan Greenberg

Tim Gulbranson EMT

Terry Hobsin

Maria Jones

Lindsey Linder

Carolyn Nye

Andrew Rosen

Caroline M. Sada

Susan Sanders RIA

Randy Shaw

Tim  Smith

Bridget Szobar EMT,  Defendants

Supplemental  Page 1.3 of 3

3

## PARTIES

1. Plaintiff __James R. Lawson__ is a citizen of the state of Colorado
who presently resides at the following address:

   764 S Osage St, PO Box 9758, Denver, CO 80209-0758

2. Defendant __J. Ailn R.N.__ is a citizen of the United States
who live(s) at or is/are located at the following address:
2525 S Downing St; Denver, CO 80210-5876

3. Defendant __Dr. Scott Anderson M.D__ is a citizen of the United States
who live(s) at or is/are located at the following address:
11050 153rd Dr, Brighton, CO 80602

(Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:

   28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."; 42 U.S.C. 21 §§ 1981, 1981A, 1983, & 1988 CIVIL RIGHTS; 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law; and 18 U.S.C. 241 – Conspiracy to deny Civil Rights

5. Briefly state the background of your case:

1) Plaintiff Lawson is a 72 year old type II diabetic who has received all his medical care for the last few years at the Denver Veterans Administration.

2) As a Type II diabetic Plaintiff Lawson is covered by the ADA  42 U.S.C. § 12133 (2002). Accordingly Plaintiff Lawson is more susceptible than an average or normal person to injuries to his reputation, sever emotional distress, and depression.

3) Plaintiff James R. Lawson/Pro Se brings this action individually and collectively against the Defendants J. Ailn RN, Dr. Scott Anderson M.D., Caroline M.. Batchelor, Marnie Barrian CPA,Amy Bonifacio, Jim W. Boye,  David Cannella,  Scott Clements MD., Dr. Keith Dangleis MD., Mike Defranco,Dr. Thomas Drake MD.,Andrew Fedorwicz MD.,Mr. Franklin, Graham Fuller, Mr. Goff, Alan Greenberg, Tim Gulbranson EMT, Terry Hobsin, Maria Jones, Lindsey Linder, Carolyn Nye, Andrew Rosen, Caroline M. Sada,Susan Sanders,  Randy Shaw, Tim  Smith, and Bridget Szobar EMT  hereinafter referred as the Defendants.

4) Each Defendant's named appears on a document received in this case from a billing statement or medical record or were listed as an officer of the organization they represent at the time the events occurred for this complaint, and are co-conspirators in the denial of Plaintiff Lawson's Civil Rights.

5) This complaint is generated by the following events and facts:

a) On December 19, 2006 the Plaintiff, James R. Lawson, was treated and transported by two EMTs, Tim Gulbranson and Bridget Szobar who were employees of a subsidiary Denver Health and Hospital Authority, a municipal health care organization, to Porter Adventist Hospital in Englewood Colorado.

b) At Porter Adventist Hospital Plaintiff Lawson was met by his medical surrogate/agent and he refused treatment. The ER Doctor did not order Plaintiff Lawson's release from Porter Adventist Hospital or his transfer to another facility that would release him as required by 42 U.S.C. 1395 (CC) (a) and 42 U.S.C. 1395 (DD). Plaintiff Lawson's refusal of treatment was ignored, and he was held overnight without authorization.

c) While at Porter Adventist Hospital ER Nurse J. Ailn, falsified an admission agreement stating Plaintiff Lawson gave verbal admission for treatment after instructing both the emergency room doctor and his medical surrogate he did not want or need treatment.

6) The fact is Nurse Ailn violated 42 USC 1395 (CC) and 42 USC 1395 (DD) when she completed the admission agreement because the Federal codes cited require a doctor's signature and an explanation as to why a patient can not sign this agreement. Since there was no doctor's signature and no explanation as to why the plaintiff could not sign the agreement, ER nurse J. Ailn created an invalid and forged contract.

7) A verbal agreement is not specified for treatment or transport in 42 U.S.C. 1395 (CC) (a) or 42 U.S.C. 1395 (DD) which specifies either the signature of the patient, or the Patient's Medical surrogate/agent, or the signature of the attending doctor with an explanation of why the patient can not sign.

8) When Plaintiff Lawson received bills for the unwanted and unauthorized treatment for the various service provided by the Porter Hospital Affiliates, he mailed certified letters to the billing addresses for initiators of the bills stating he had refused treatment and received no response from the recipients. .

9) Plaintiff Lawson then mailed certified letters to Jim W. Boyce PAH CEO and Caroline Nye PAH patient advocate, and received no response from either party.

10) When Plaintiff Lawson received collection letters from Radiology Imaging Services, PC for services provided by Doctor Scott Clements, Doctor Keith Dangleis, Doctor Thomas Drake, and Doctor Andrew Fedoricz he mailed a certified letter stating he objected to the bill. He received a response form a Ms. Marrnie Barrigan. CPA stating the bill was for services rendered to Plaintiff Lawson during his stay in the hospital.

11) When Plaintiff Lawson received bills for services from Inpatient Services he mailed this medical service provider a certified letter and received no response from them.

12) When Plaintiff Lawson received bills from ADPI Billing Services for ambulance services, he ailed ADPI a letter and had several phone conversations with ADPI billing supervisors Terry Hobsin and Lindsey Linder, who finally agreed to cancel the bills.

13) When the medical Service providers for Porter Adventist Hospital and Radiology Imaging Associates turned their bills over to collection agencies Plaintiff Lawson filed civil actions in Denver District Court.

14) In Denver District court Case # 2008 CV 3818 the Court found the contract was invalid and Plaintiff Lawson owed the medical Service providers nothing.

15) Defendants Caroline M Batchelor, Alan Greenberg, and Caroline M. Sada, represented Porter Adventist Hospital in District Court Case # 2008 CV 3818 and Radiology Imaging Associates in Small Claims Court case # 2008 CV 7137 a suit attempting to collect on a false document/contract for unwanted and unauthorized medical services after being provided notice of the false contract..

16) The allegations in this complaint are:

i.    Violation of the Plaintiff Lawson's civil rights:

42 U.S.C. 1395 (CC) (a) & (DD); 42. U.S.C. 1982 – 1988; and

C.R.S. 15-18.5-103

1)Violation of a Patient's Right of Self Determination to accept or refuse medical treatment; 2) Unprofessional Conduct/Transfer of Principal; 3) Violation of the legally required informed consent mechanism, 4) Violation of the Patient's HIPPA Rights of Privacy;  5) Violation of the legally required Patient Grievance Procedures.

Violation of these civil Rights can be awarded Damages under  42. U.S.C. 1982 – 1988 Plus attorney's fees.

ii. Civil Racketeering:

18 U.S.C. § 1961–1968.and C.R.S. 18-17-101-108

Menacing, 2) Assault, 3) Forgery;4) Kidnapping; 5) False Imprisonment; 6) Criminal extortion/aggravated extortion;  7) Fraud:, including mail fraud, Medical Billing Fraud, and Medicare Fraud 8) formation of an enterprise in fact, 9) use of racketeering money to operate a legitimate enterprise, 10) Conspiracy/Civil Conspiracy/Chain Conspiracy/ Wheel and Hub Conspiracy, 11) Complicity; 12) Aiding and Abetting; 13) identity theft, 14) gathering identity information by deception.

The Plaintiff may be awarded treble damages in a Civil Racketeering Action plus costs and attorney fees.

iii. WRONGS TO AT RISK ADULTS:

C.R.S. 13-14-101 and C.R.S. 18-6.5-10

1)Financial Exploitation, 2)Physical abuse, 3) psychological abuse,  4) [Mis-] Use of Personnel Identifying Information, 5) Unconscionable debt collection; 6) Offering A False Instrument for recording,

iv. CHARGES NOT LISTED IN THE ORIGINAL FILING.

1) Violation of the 4th Amendment of the United States Constitution , by deprivation of property by the Defendants' conspiracy in which a Spend Thrift Trust on Property which Plaintiff Lawson had resigned as a trustee and had no financial interest in because the court opinion stated the trust was for Plaintiff Lawson's benefit, because he lived on the property and performed maintenance on it, even though the trust clearly stated it was for the benefit of Plaintiff Lawson's Children and Grand Children.

2) Attempted Homicide under 18 U.S.C. 1113, by attempting to cause Plaintiff Lawson's death or great bodily harm by depriving him of home.

3) Conspiring to tamper with a witness, victim or informant under 18 U.S.C. 1512 by depriving the Plaintiff's ex-wife the trust set up for her children.

17) The Defendants are all employees or agents of the Medical Service providers involved in the denial of Plaintiff Lawson's civil rights.

18) Defendants Tim Gulbranson EMT and Bridget Szobar EMT were employees of the Denver Health Authority (AKA Denver Health) during this event and were the EMT's who transported Plaintiff Lawson to Porter Adventist Hospital against his will.

19) Notice does not apply to claims for civil rights violations. Mucci v. Falcon Sch. Dist., 655 P.2d 422 (Colo. App. 1982); Barrack v. City of Lafayette, 829 P.2d 424 (Colo. App. 1991); Conners v. City of Colo. Springs, 962 P.2d 294 (Colo. App. 1997), aff'd, 993 P.2d 1167 (Colo. 2000).

20) Notice is not applicable to federal civil rights claim for a municipality in Colorado. To require notice as a condition precedent to suit would unduly interfere with the federal action. Miami Intern. Realty v. Town of Mt. Crested Butte, 579 F. Supp. 68 (D. Colo. 1984); Chacon v. Zahorka, 663 F. Supp. 90 (D. Colo. 1987).

21) Where a plaintiff has stated a federal claim that a notice of claim provision may be struck down based on supremacy because allowing a federal claim to be limited by state law would defeat the objective of the federal law. King v. United States, 53 F. Supp.2d 1056 (D. Colo. 1999), rev'd on other grounds, 301 F.3d 1270 (10th Cir. 2002), cert. denied sub nom. McKillop v. United States, 539 U.S. 926, 123 S. Ct. 2572, 156 L. Ed. 2d 602 (2003).

22) Municipalities are not entitled to qualified immunity in civil rights actions. Camilo-Robles V Hoyos, 151 FR3d 1 (1st Cit1998); Stefanoff V. Hays County Tx., 154 F3d 523 (5th Cir 1998)

23) Municipalities have no immunity defense, either qualified or absolute, in a suit under §1983. Morris V Lindau, 196 F3d 102, (2nd Cir. 1999)

24) Mere voluntary cessation of allegedly illegal conduct does not moot case. Norman-Bloodshaw v. Lawrence Berkeley Laboratory, 135 F3d 1260 (9th Cir. 1998)

25) Denials of equal protection by municipal entity or any other person acting under color of law 18 U.S.C. 242 and 18 U.S.C. 241 (Conspiracy to Deny Civil Rights) are actionable under - 42 U.S. Code 21 §§1981, 1981A, 1983, & 1988 - CIVIL RIGHTS.

26) Principle of equal protection applies to government action in civil as well as criminal matters. Edmonson V Leesville Concrete CO. Inc. 860 F2d 1308 (5th Cir. 1988).

27) "Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603

28) Equal Protection Clause prohibits government officials from selectively applying law in discriminatory way. Central Airlines, Inc. V US, 138 F3d 333 (8th. Cir 1998)

29) Equal protection analysis is substantially identical under the Fifth and Fourteenth Amendments. Fraternal Order of Police V US, 152 F3d 998 (D.C. Cir 1998)

30) In United States v. Price, 383 U.S. 787, 800 (1966). Unlike conspiracies under 18 USC 371, conspiracy under 18 U.S.C. § 241 does not require an overt act as an element of the offense. United States v. Skillman, 922 F.2d 1382 (9th Cir. 1991).

31) 18 U.S.C. § 241 (conspiracy to deny civil rights) has three elements:

   a. Two or more persons must conspire together to injure, oppress, threaten or intimidate one or more victims.

   b. The defendant intended by the conspiracy to hinder, prevent, or interfere with a person's free exercise or enjoyment of a right secured by the Constitution or laws of the United States.

   c. At least one of the intended victims must be an inhabitant of a state or territory of the U.S. Plaintiff Lawson was a resident of the state of Colorado at all times relevant to this action.

   a. Proof of Conspiracy

A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose, or to accomplish a lawful purpose by unlawful means. United States v. Feola, 420 U.S. 671, 695-96 (1975). Thus, a conspiracy is a kind of partnership in criminal purposes in which each member becomes the agent of every other member.

It is no defense that a defendant's participation in a conspiracy was minor or for a short period of time. Nor does the government [Plaintiff] have to prove that each conspirator joined the conspiracy at the time of its formation, or that each conspirator played an equal role in the conspiracy. United States v. Saavedra, 684 F.2d 1293, 1301 (9th Cir. 1982). A person may be a member of a conspiracy even though the person does not know all of the purposes of the conspiracy. United

States v. Escalante, 637 F.2d 1197, 1200 (9th Cir. 1980). A single conspiracy may include subgroups or subagreements, and the evidence need not exclude every hypothesis other than that a single conspiracy exists. United States v. Patterson, 819 F.2d 1495, 1502 (9th Cir. 1987). The Government [Plaintiff] need only prove a slight connection between the defendant and the conspiracy. United States v. Cuevas, 847 F.2d 1417 (9th Cir. 1988).

The Government [Plaintiff] need not prove that the agreement between the co-conspirators was express or formal. The evidence must show that the defendants positively or tacitly came to a mutual understanding to try to accomplish an unlawful plan. See Pereira v. United States, 397 U.S. 1, 12 (1954). Ordinarily, only the results of a conspiracy, rather than the agreement itself, are observable. The existence of the conspiracy need not be proved by direct evidence but may be inferred from all of the facts and circumstances of the case. United States v. Disla, 805 F.2d 1340, 1348 (9th Cir. 1986). Traditionally, courts look to the conduct of the alleged conspirators to find proof of the agreement.

32) 18 U.S.C. 242 Deprivation of Rights Under Color of Law

   a) This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

   b) This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.

   c) Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs.

33) Time is not a material fact in conspiracy charge. US V Ghant, 339 F3d (8th Cir. 2003)

34) Defendants Andrew Fedowicz MD and Scott Clements MD were employees/agents of Inpatient Services, PC who denied Plaintiff Lawson's Civil Rights by providing him unwanted., un-needed, and unauthorized medical services.

38) Defendant Marion Barrian CPA was the agent of Radiology Imaging Services who responded to the notice sent to Radiology Imaging Services with the written Statement that "Billable services had been supplied" to Plaintiff Lawson.

39) Defendants J. Ailn RN is the emergency room nurse who forged the admission contract. Defendants Jim W. Boye and Carolyn Nye are the CEO and the patient advocate, respectively, at Porter Adventist Hospital who ignored Plaintiff Lawson's notice that the contract was invalid, conspiring with Nurse Ailn and the other medical service providers to deny Plaintiff Lawson's Civil Rights.

40) Please note, allegations i through iii all hinge on the validity of the admission agreement/contract created by an Emergency Room Nurse at Porter Adventist Hospital as required by law. In 42 USC 1395 (CC) (a) and (DD), the law says the patient must sign this agreement, or the patient's medical surrogate/agent must sign the agreement if he/she is present and patient is unable to sign, or a doctor must complete the contract and state why the patient can not sign the contract. This was not done. The contract was found to be invalid in Denver District Court Case # 2008 CV 003818 on March 9th, 2009. Without a valid contract all the charges listed become true and actionable in a Court of Law of competent Jurisdiction.

41) An individual has a constitutional right to represent himself. Faretta v. State of California, 422 US 806, 45 Led2d 562, 95 SCt 2525 (1975)

42) The government has a special responsibility to ensure the integrity of the criminal judicial process by living up to the code of professional ethics and fair play at all times. US v. White, 222 F3d 363 (7th Cir. 2000)

43) Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief; Amoco Oil Compnay v. Us, 234 F3d 1374 (Fed. 2000); US Ex Rel Thompson v. Columbia/HCA Healthcare Corp., 125 F3d 899 (5th Cir. 1997); Haines v.. Kerner, 404 US 519, 30 Led2nd 652, 92 SCt 594 (1972)

44) Dismissal is harsh penalty and, therefore should only be imposed in extreme conditions.; Hernandez v. City of El Monte, 138 F3d 393 )(9th Cir. 1998)

45) Pro Se petitioner should not be unreasonably subjected to stringent procedural niceties. Papantony v.. Hedrick, 215 F3d 863 (8th Cir. 2000)

46) Pro se litigant pleadings are to be construed liberally, and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity of pleading requirements. Fazzomo v. Norhteast Ohio Correctional Center, 473 F3d 229 (6 th Cir. 2006), Gomez-Diaz v. UD, 433 F3d 788 (11 th Cir. 2005), Boag v. MacDougal, 454 US 364, 70 LEd2d 551, 92 SCt 700 (1982): Haines V Kerner, 404 US 519, 30 Led2d 652, 92 SCt 594 (1972)

47) Pro Se complaints and motions from prisoners should be liberally construed. White v. Kautzky, 494 F3d 677 (8 th Cir. 2007), McBride v. Deer, 240 F3d 1287 (10 th Cir. 2001)

48) A case involving an alleged violation of the law becomes moot when: 1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur; and 2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Murhpy v. Hunt, 455 US 478, 472, 71 Led2d 353, 102 SCt 1181 (1982) County of Los Angeles v. Davis, 440 US 625, 59 Led2d 642, 99 SCt 1379 (1079)

49) Mere voluntary cessation of allegedly illegal conduct does not moot case. Norman-Bloodshaw v. Lawrence Berkeley Laboratory, 135 F3d 1260 (9th Cir. 1998)

50) Denials of equal protection by municipal entity or any other person acting under color of law 18 U.S.C. 242 and 18 U.S.C. 241 (Conspiracy to Deny Civil Rights) are actionable under - 42 U.S. Code 21 §§1981, 1981A, 1983, & 1988 - CIVIL RIGHTS.

51) Principle of equal protection applies to government action in civil as well as criminal matters. Edmonson V Leesville Concrete CO. Inc. 860 F2d 1308 (5th Cir. 1988).

52) "Where rights secured by the Constitution are involved, there can be no 'rule making' or legislation which would abrogate them." Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603

53) Equal Protection Clause prohibits government officials from selectively applying law in discriminatory way. Central Airlines, Inc. V US, 138 F3d 333 (8th. Cir 1998)

54) Equal protection analysis is substantially identical under the Fifth and Fourteenth Amendments. Fraternal Order of Police V US, 152 F3d 998 (D.C. Cir 1998)

55) In United States v. Price, 383 U.S. 787, 800 (1966). Unlike conspiracies under 18 U.S.C. § 371, § 241 does not require an overt act as an element of the offense. United States v. Skillman, 922 F.2d 1382 (9th Cir. 1991).

56) 18 U.S.C. § 241 (conspiracy to deny civil rights) has three elements:

d. Two or more persons must conspire together to injure, oppress, threaten or intimidate one or more victims.

e. The defendant intended by the conspiracy to hinder, prevent, or interfere with a person's free exercise or enjoyment of a right secured by the Constitution or laws of the United States.

f. At least one of the intended victims must be an inhabitant of a state or territory of the U.S. Plaintiff Lawson was a resident of the state of Colorado at all times relevant to this action.

A. Proof of Conspiracy

a A conspiracy is an agreement by two or more persons to accomplish some unlawful purpose, or to accomplish a lawful purpose by unlawful means. United States v. Feola, 420 U.S. 671, 695-96 (1975). Thus, a conspiracy is a

kind of partnership in criminal purposes in which each member becomes the agent of every other member.

b    It is no defense that a defendant's participation in a conspiracy was minor or for a short period of time. Nor does the government [Plaintiff] have to prove that each conspirator joined the conspiracy at the time of its formation, or that each conspirator played an equal role in the conspiracy. United States v. Saavedra, 684 F.2d 1293, 1301 (9th Cir. 1982). A person may be a member of a conspiracy even though the person does not know all of the purposes of the conspiracy. United States v. Escalante, 637 F.2d 1197, 1200 (9th Cir. 1980). A single conspiracy may include subgroups or subagreements, and the evidence need not exclude every hypothesis other than that a single conspiracy exists. United States v. Patterson, 819 F.2d 1495, 1502 (9th Cir. 1987). The Government [Plaintiff] need only prove a slight connection between the defendant and the conspiracy. United States v. Cuevas, 847 F.2d 1417 (9th Cir. 1988).

c    The Government [Plaintiff] need not prove that the agreement between the co-conspirators was express or formal. The evidence must show that the defendants positively or tacitly came to a mutual understanding to try to accomplish an unlawful plan. See Pereira v. United States, 397 U.S. 1, 12 (1954). Ordinarily, only the results of a conspiracy, rather than the agreement itself, are observable. The existence of the conspiracy need not be proved by direct evidence but may be inferred from all of the facts and circumstances of the case. United States v. Disla, 805 F.2d 1340, 1348 (9th Cir. 1986). Traditionally, courts look to the conduct of the alleged conspirators to find proof of the agreement.

57)    18 U.S.C. 242 Deprivation of Rights Under Color of Law

a) This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

b) This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.

c) Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition

to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs.

36)  Time is not a material fact in conspiracy charge.  US V Ghant, 339 F3d (8th Cir. 2003)

37)  The Defendants representing Porter Adventist Hospital and Radiology Imaging Associates in conjunction with the Denver District Court in Case # 2008 CV 8268 at no time held an evidentiary hearing to determine or establish if  Plaintiff Lawson's Allegations in his complaint had merit.

38)  By behaving intentionally with deliberate and intentional indifference the Defendants have denied Plaintiff Lawson his civil rights under the 4th, 5th and 14th amendment of the Constitution and under 42 U.S.C 1395 (CC) (a) and 1395 (DD).  By Conspiring to violate Plaintiff Lawson's rights of medical self determination due process, and equal protection under the law the defendants  have become liable for their  acts Under 18, U.S.C.  Section 241 (Conspiracy Against Rights) and 18 U.S.C. 242 (Color of Law).  Violation of these civil Rights can be awarded Damages under  42. U.S.C. 1982 – 1988

39)  Society's commitment to institutional justice requires that judges be solicitous of the rights of persons who come before the court. Geiler v. Commission on Judicial Qualifications, (1973) 10 Cal.3d 270, 286

40)  Federal regulations (court rules) cannot "trump" or repeal Acts of Congress.  Doe V. Tenent, 329 F3d 1135 (9th Cir. 2003).  By logical extension, since the Constitution is the Supreme law of the land, state or federal regulations (court rules) cannot trump constitutional provisions or repeal acts of Congress.

41)  A complaint is actionable under Title 42 U.S.C. 1985 (3), where immunity does not extend to conspiracy under color of law. 42 U.S.C. § 1985(3) reaches both conspiracies under color of law and conspiracies effectuated through purely private conduct.

42)  Constitutionally and in fact of law and judicial rulings, state-federal "magistrates-judges" or any government actors, state or federal, may now be held liable, if they violate any Citizen's Constitutional rights, privileges, or immunities, or guarantees; including statutory civil rights.  Forrester  v. White, 484 U.S. at 227-229, 108 S. Ct. at 544-545 (1987); Westfall v. Erwin, 108 S. Ct. 580 (1987); United States v. Lanier 520 US 259 (1997)

45)  "Constitutional  'rights' would be of little value if they could be indirectly denied." Gomillion v. Lightfoot, 364 U.S. 155 (1966), cited also in Smith v. Allwright, 321 U.S. 649 644 (1944)

46)  "It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgement in our constitutional jurisprudence.  No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution." Downs v. Bidwell, 182 U.S. 244 (1901)

## Additional Defendants:

3)  Carolyne M. Batchelor,
    Who live(s) at or is/are located at the following address
    770 W Hampden Ave Ste 200, Englewood, CO 80110

4) Marnie Barrian C.P.A,
    Who live(s) at or is/are located at the following address
    10700 E Geddes Ave Se 200;
    Englewood, CO 80112

5) Amy Bonifacio,
    Who live(s) at or is/are located at the following address
    500 E  84th Ave Ste C8
    Denver, CO 80229

6) Jim W. Boye,
    Who live(s) at or is/are located at the following address
    2425 S Downing
    Denver, CO 80219

7) David Cannella,
    Who live(s) at or is/are located at the following address
    390 Printers Parkway
    Colorado spings, CO 80910

8) Scott Clements M.D.,
    Who live(s) at or is/are located at the following address
    4350 Wadsworth Blvd
    Wheatridge, CO 80039-4634

9) Keith Dangleis M.D.,
    Who live(s) at or is/are located at the following address
    10700 E Geddes  AVE Suite 200
    Englewood, CO 80112

10) Mike DeFranco
    500 E 84th Ave Ste C6
    Denver, CO 80229

11) Thomas Drake M.D.,
    Who live(s) at or is/are located at the following address
    10700 E Geddes Ave Ste 200
    Englewood, CO 80112

12 ) Andrew Fedorwicz M.D,
   Who live(s) at or is/are located at the following address
   4350 Wadsworth Blvd
   Wheatridge, CO 80039-4634

13) Mr Franklin,
   Who live(s) at or is/are located at the following address
   3360 S Wadsworth Blvd Ste 150
   Lakewood, CO 80210

14) Graham Fuller,
   Who live(s) at or is/are located at the following address
   4701 Table Mesa Dr #D
   Boulder, CO 80305

15) Mr. Goff
   Who live(s) at or is/are located at the following address
   500 E 84th Ave Ste C8
   Denver, CO 80229

16) Alan Greenberg,
   Who live(s) at or is/are located at the following address
   770 W Hampden Ave
   Englewood, CO 80110

17) Tim Gulbranson EMT,
   Who live(s) at or is/are located at the following address
   Paramedic Division
   877 Bannock St
   Denver, CO

18) Terry Hobson,
   Who live(s) at or is/are located at the following address
   4521 Kipling St Ste 200
   Wheatridge, CO

19)  Maria Jones
   Who live(s) at or is/are located at the following address
   **390 Printers Parkway**
   **Colorado Springs, CO 80910**

20) Lindsey Linder,
Who live(s) at or is/are located at the following address
4521 Kipling St Ste 200
Wheatride, CO

21) Carolyne Nye,
Who live(s) at or is/are located at the following address
8140 Holly St
Centennial, CO

22) Andrew Rosen,
Who live(s) at or is/are located at the following address
4710 Table Mesa Dr
Boulder, CO 80305

23) Caroline M. Sada,
Who live(s) at or is/are located at the following address
770 W Hampden Ave
Englewood, CO 80110

24) Susan Sanders
Who live(s) at or is/are located at the following address
10700 E Geddes Ave Se 200;
Englewood, CO 80112

25) Randy Shaw,
Who live(s) at or is/are located at the following address
390 Printers Parkway
Coilorado Springs, CO 80910

23) Tim Smith
Who live(s) at or is/are located at the following address
7351 E Lowry Blvd
Denver, CO 80230

27) Bridget Szobar EMT,
Who live(s) at or is/are located at the following addresS
829 Marion St
Denver, CO 80218

**Additional Statutory Authorities:**

42 U.S.C. 1985 (3) Depriving persons of rights or privileges

18 U.S.C. § 1113 Attempt to commit murder or manslaughter

42 U.S.C. 126   (A) § 12131 and 12132 (Americans with Disabilities Act)

18 USC 1512  Tampering with a witness, victim, or an informant

The 4th, 5th, and  14th Amendments to the U.S. Constitution

18 U.S.C. § 1961–1968.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

[Conspiracy to Deny Statutory Civil Rights contained in 42 U.S.C 1395 (CC) (a) (Patients Right of Self Determination), and 42 U.S.C. 1395 (DD) (EMTALA ) under 18 U.S.C. 241 (Color of Law), 18 U.S.C. 242 (Conspiracy to deny Civil Rights), and 42 U.S.C. § 1983 (3) (Depriving persons of rights or privileges)]

47)   Plaintiff incorporates paragraphs 1 through 46 of this complaint.

48)   This action is based on Federal Law 42 U.S.C. 1395 (CC) (a) and 42 U.S.C. 1395 (DD) which requires that an awake and cognizant patient has the right to refuse medical treatment and transport and upon refusal hospital personnel must either release the patient upon the individual's signature on a hospital form which releases the hospital and all hospital personnel from liability for failure to provide treatment, or the hospital must transport the individual to a facility that will honor the individual's request. If the patient pr a medical surrogate/agent is unable to sing the form for any reason the admitting doctor must sign the form and state why the patient can not sign the form on this form in the space provided.

49)   Defendants Tim Gulbranson and Bridget Szobar denied Plaintiff Lawson's civil right to refuse transport and treatment under 42 U.S.C. 1395 (CC) (a) and 42 U.S.C. 1395 (DD) by transporting him against his wishes to Porter Adventist Hospital.

50)   Defendant Andrew Fedorwicz as the admitting emergency room physician at Porter Adventist Hospital did not complete the space on the hospital admission form requiring his signature nor did he honor plaintiff Lawson's Right to refuse treatment and discharge him or arrange for transport to a facility that would honor Plaintiff Lawson's refusal of treatment.

51)   Defendant J. Ailin in a continuing conspiracy to deny plaintiff Lawson's Civil Rights under 42 U.S.C. 1395 (CC) (a) and 42 U.S.C. 1395 (DD) stated Plaintiff Lawson had verbally accepted treatment on the Hospital Admission Agreement, in violation of the law which clearly states that a signature is required of either the patient of a medical surrogate in an non-life threatening situation or the signature of the admitting physician with an explanation as to why the patient can not sign the admission agreement.

52)   Defendants Scott Anderson, Scott Clements, Keith Dangelais, and Thomas Drake continued the conspiracy with Physician Ferdorwicz by failing to establish that the forms had been properly completed and were valid.

53) Defendants Jim W. Boye, Carolyn Nye, Susan Sanders, Marie Barnnin, Lindsey Linderf, and Terry Hobsin, as medical service administrators and billing managers participated in the conspiracy by ignoring the notice provided by Plaintiff Lawson that the contract was invalid and attempting to collect for charges incurred based on the invalid/forged/fraudulent hospital admission agreement.

54) Defendants Amy Bonifacio, Mike Defranco, and Mr Goff were collection agents use by Radiology Imaging Services PC, who were notified of the defective contract they were using for collection and continued the denial of Plaintiff Lawson's Civil Rights under 42 U.S.C. 1395 (CC) (a) and 42 U.S.C. 1395 (DD) by ignoring the notice provided

55) Defendants David Cannell, Marie Jones, and Randy Shaw are executives of a collection agency used by Porter Adventist Hospital who continued the conpsiracy to deny Plaintiff Lawson's civil rights after being provided notice of a faulty admission agreement.

56) Defendants Caroline M. Batchelor, Alan Greenberg, and Caroline Sada are attorneys who represented Radiology Imaging Services, and Porter Adventist Hospital and continued the conpsiracy to deny Plaintiff Lawson's Civil Rights in a civil action by Plaintiff Lawson for a invalid contract.

the Denver VA hospital twice since this decision has been handed down, a condition that he has never before experienced.

## CONCLUSION

76) The Defendants have Conspired to illegally seize property under the 4th Amendment to the U.S. Constitution under 18 U.S.C. 241(Conspiracy to Deny Rights) and 18 U.S.C. 242 (Color of Law) and 42 U.S.C. 1985 (3) Depriving persons of rights or privileges.

77) The Defendants have  and conspired to cause severe emotional distress for a individual under 42 U.S.C. 126   (A) § 12131 and 12132 (Americans with Disabilities Act) under 18 U.S.C. 242 (color of Law)}

83) Plaintiff Lawson Prays the court will award sufficient damages to pay for the severe emotional distress and mental anguish the defendants placed on the Plaintiff.

84) Mental Anguish is the mental suffering like fear, anxiety, depression, grief, etc. faced by a person during an event, period , action or situation. A person can claim damages for mental anguish if it was logically connected to the incident.

78) 'Damages for emotional distress have been permitted … where there is some means for assuring the validity of the claim. (Molien, supra, 27 Cal.3d at 926-27.) The case law reveals a diversity of circumstances in which recovery for emotional distress may be had. They are loosely linked in the sense that in each it could be said that a particular form of mental suffering naturally ensued from the acts constituting the invasion of another kind of protected interest. 'The commonest example . . . is probably where the plaintiff suffers personal injuries in addition to mental distress as a result of negligent or intentional misconduct by the defendant.' (Crisci, supra, 66 Cal.2d at 433.) Pain and suffering is the natural concomitant of a personal injury. (Capelouto v. Kaiser Foundation Hospitals, supra, 7 Cal.3d 889 ) '[I]n the case of many torts, such as as assault, battery, false imprisonment, and defamation, mental suffering will frequently constitute the principal element of damages.' (State Rubbish, etc. Assn. v. Siliznoff, supra, 38 Cal.2d at 338; see also Deevy v. Tassi, supra, 21 Cal.2d 109 [as assault and battery].) Molien, supra, 27 Cal.3d 916, found sufficient assurance of the validity of a claim of emotional distress in the nature of the cause of action for negligent misdiagnosis, predicated as it was upon a false imputation of syphilis, which by statute constitutes slander per se, an intentional tort. (Id., at pp. 930-31.)

# THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

(Conspiracy to commit Homicide 18 U.S.C. § 1113 (Attempt to commit murder or manslaughter) and 18 USC 1512 Tampering with a witness, victim, or an informant under color of law to Deny rights and privileges under 42 U.S.C. § 1983 (3) (Depriving persons of rights or privileges) and Conpsiracy to deny statutory civil rights, under 18 U.S.C. 241(Conspiracy to Deny Rights), and 18 U.S.C. 242 (Color of Law) )

79)    Plaintiff incorporates paragraphs 1 through 78 of this complaint.

80)    Defendants had access to Plaintiff Lawson's medical records through their clients during the pleading process through Porter Adventist Hospital since the hospital had unauthorized access to Plaintiff Lawson's VA records. .

81)    Defendants knew or should have know Plaintiff Lawson has hypertension from his medical records since the defendants were treating Plaintiff Lawson's complaint as a medical malpractice claim.

82)    Defendants knew Plaintiff Lawson has congestive heart disease from his medical records as stated by the discharging doctor at Porter Adventist Hospital.

83)    These conditions clearly define Plaintiff Lawson as falling under the ADA act,  42 U.S.C. 126    (A) § 12131 and 12132.

84)    Denver District Court in case # 2008 CV 003818  found that the contract used in Denver District court in Case # 2008CV 8268 which the court ignored in this later case was false and fraudulent, showing the civil rights  allegations and racketeering allegations, as well as the violation of the Federal Medical Billing Fraud laws have been violated.

85)    The complaint filed in Denver District Court Case # 2009 CV 7642 indicates that this trust is for the benefit of James R. Lawson.  Plaintiff Lawson was not a trustee of the trust at the time this suit was filed nor was he listed as a beneficiary of the trust.  That coupled with the fact that Defendant Lawson had been told that it is a spendthrift trust making it exempt from attachment by creditors.

86)    The complaint filed in Denver District Court Case # 2009 CV 7642 listed Myrna Barnett-Lawson as the wife of James R. Lawson.  That is a false statement and may be actionable under liable law.  As a false statement, it makes the entire complaint false and fraudulent. This has been documented in earlier responses to the complaint with a copy of the divorce decree which the Denver District court ignored in case # 2008 CV 8268 and 2009 CV 7642..

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

For these reasons, Plaintiff Lawson requests this court to enter judgment in favor of Plaintiff on each and every count contained in this complaint, in his individual and representative capacity, and against each and every Defendant for actual and punitive damages in an amount to be determined at trial, for interest, costs, and attorney fees, and for such further relief as this Court deems just, using the attached Exhibit of damages outlining the type and number of civil rights violation ignored by the defendants. These damages were computed using 42 U.S.C. 21 §§1981, 1981A, 1983, & 1988 CIVIL RIGHTS and 18 U.S.C. 96 § 1961-1968. (RICO) RACKETEER INFLUENCED AND CORRUPT ORGANIZATION.

Costs and attorney fees which can be awarded in certain civil rights cases as stated in TITLE 42 CHAPTER 21 SUBCHAPTER I § 1988 (b) Proceedings in vindication of civil rights with such other relief as the court may deem reasonable and just under the circumstances.

(Continued on the next page)

## PLAINTIFF DEMANDS A TRIAL BY A JURY ON ALL ISSUES SO TRIABLE.

Date: 4/30/2010

(Plaintiff's Original Signature)
764 So Osage St./PO Box 9758

(Street Address)
Denver, CO 80209-0758

(City, State, ZIP)
303-935-3282 LL/720-220-4081 Cell

(Telephone Number)

Plaintiff Lawson also prays that the penalties for violation of the Color of Law Statutes be applied each of the Defendants:

18 U.S.C. 21 § 241 (3) Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured -

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Under TITLE LIX PROCEEDINGS IN CRIMINAL CASES CHAPTER 607-A UNIFORM ACT ON STATUS OF CONVICTED PERSONS Section 607-A:2

A person sentenced for a felony, from the time of his sentence until his final discharge, may not:

(a) Vote in an election, but if execution of sentence is suspended with or without the defendant being placed on probation or he is paroled after commitment to imprisonment, he may vote during the period of the suspension or parole; or

(b) Become a candidate for or hold public office.

II. A public office held at the time of sentence is forfeited as of the date of the sentence if the sentence is in this state or, if the sentence is in another state or in a federal court, as of the date

a certification of the sentence from the sentencing court is filed in the office of secretary of state, who shall receive and file it as a public document. An appeal or other proceeding taken to set aside or otherwise nullify the conviction or sentence does not affect the application of this section, but if the conviction is reversed the defendant shall be restored to any public office forfeited under this chapter from the time of the reversal and shall be entitled to the emoluments thereof from the time of the forfeiture.

## REQUEST FOR RELIEF

Computation of request for relief.>

|  |  | Multiplier | Amount Involved | Number of Defendants affected | Amount Due |
|---|---|---|---|---|---|
| **Racketeering Claim** |  |  |  |  |  |
|  | Porter Adventist Hospital | 3 | $960.00 | 1 | $2,880.00 |
|  | **Inpatient Services** | 3 | $480.00 | 1 | $1,460.00 |
|  | **Radiology Imaging Associates** | 3 | $160.00 | 1 | $480..00 |
| **Number of times Plaintiff's rights were violated** |  |  |  |  |  |
|  |  | 83 | $300,000.00 | 1 | $32,900,000.00 |
| **Civil Rights Claims** |  |  |  |  |  |
|  | **Total Criminal Allegations in the Complaint** | 23 | $300,000.00 | 4 | $27,600,000.00 |
|  | **Assaults while Falsely Imprisoned** | 22 | $300,000.00 | 4 | $26,400,000.00 |
| **Statutory Penalty for Identity Theft** |  |  |  |  |  |
|  |  |  | $10,000.00 | 4 | $40,000.00 |
| **Costs** |  |  |  |  |  |
|  | Filing Fees |  |  |  | $214.00 |

Plaintiff's Exhibit 1

# REQUEST FOR RELIEF

Computation of request for relief.>

| | | | | | |
|---|---|---|---|---|---|
| | Jury Fees | | | | $190.00 |
| | Appeal | | | | 223.00 |
| Total Statutory Damages Prayed For | | | | | $86,945,425.00 |