IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01063-BNB

JAMES R. LAWSON,

    Plaintiff,

v.

J. AILN, R.N.,
DR, SCOTT ANDERSON, M.D.,
CAROLYNE M. BATCHELOR,
MARNIE BARRIAN, C.P.A.,
AMY BONIFACIO,
JIM W. BOYE,
DAVID CANNELLA,
SCOTT CLEMENTS, M.D.,
DR. KEITH DANGLEIS, M.D.,
MIKE DeFRANCO,
DR. THOMAS DRAKE, M.D.,
ANDREW FEDORWICZ, M.D.,
MR. FRANKLIN,
GRAHAM FULLER,
MR. GOFF,
ALAN GREENBERG,
TIM GULBRANSON, EMT,
TERRY HOBSIN,
MARIA JONES,
LINDSEY LINDER,
CAROLYN NYE,
ANDREW ROSEN,
CAROLINE M. SADA,
SUSAN SANDERS, RIA,
RANDY SHAW,
TIM SMITH, and
BRIDGET SZOBAR, EMT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2010

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, James R. Lawson, has filed *pro se* a Complaint. The court must

construe the Complaint liberally because Mr. Lawson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lawson will be ordered to file an amended complaint.

The court has reviewed Mr. Lawson's Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lawson fails to set forth a short and plain statement of his claims showing

that he is entitled to relief. Mr. Lawson's claims apparently arise out of efforts to collect payment from him for unwanted and unauthorized medical treatment he received after he refused treatment. Mr. Lawson alleges that "[e]ach Defendant's named [sic] appears on a document received in this case from a billing statement or medical record or were [sic] listed as an officer of the organization they represent at the time the events occurred for this complaint, and are co-conspirators in the denial of Plaintiff Lawson's Civil Rights." (Compl. at 2.) However, Mr. Lawson fails to articulate clearly what specific claim or claims he is asserting against each named Defendant and he fails to provide specific factual allegations in support of his claims. Instead, large portions of the Complaint consist of conclusory factual allegations and generic legal argument that is not linked to any specific claims for relief. In order to state a claim in federal court, Mr. Lawson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that ***pro se*** pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, the court notes that Mr. Lawson apparently is asserting some of his claims pursuant to 42 U.S.C. § 1983 and various federal criminal statutes. Mr. Lawson is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v.***

*Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Lawson may not pursue any claims pursuant to § 1983 unless Defendants were acting under color of state law. To the extent Mr. Lawson is asserting claims pursuant to federal criminal statutes, he lacks standing to do so because private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Accordingly, it is

ORDERED that Mr. Lawson file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Lawson, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Lawson fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 25, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01063-BNB

James R. Lawson
764 S. Osage Street
PO Box 9758
Denver, CO 80209-0758

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 5/25/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk