IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01063-BNB

JAMES R. LAWSON,

Plaintiff,

v.

J. AILN, R.N.,
DR. SCOTT ANDERSON, M.D.,
CAROLYNE M. BATCHELOR,
MARNIE BARRIAN, C.P.A.,
AMY BONIFACIO,
JIM W. BOYE,
DAVID CANNELLA,
SCOTT CLEMENTS, M.D.,
KEITH DANGLEIS, M.D.,
MIKE DeFRANCO,
THOMAS DRAKE, M.D.,
ANDREW FEDORWICZ, M.D.,
MR. FRANKLIN,
MR. GOFF,
ALAN GREENBERG,
TIM GULBRANSON, EMT,
TERRY HOBSON,
MARIA JONES,
LINDSEY LINDER,
CAROLYN NYE,
CAROLINE M. SADA,
SUSAN SANDERS,
RANDY SHAW,
TIM SMITH, and
BRIDGET SZOBAR, EMT,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 02 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff James R. Lawson initiated this action by filing *pro se* a complaint. On

May 25, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Lawson to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On June 9, 2010, Mr. Lawson filed a motion for leave to amend and submitted his amended complaint. The motion to amend will be granted.

The Court must construe the amended complaint liberally because Mr. Lawson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the amended complaint filed by Mr. Lawson and finds that the amended complaint also fails to comply with the pleading requirements of Rule 8. As Mr. Lawson was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is

2

entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Magistrate Judge Boland determined that the original complaint filed by Mr. Lawson did not comply with Rule 8 because Mr. Lawson failed to set forth a short and plain statement of his claims showing that he is entitled to relief. In particular, Magistrate Judge Boland noted that Mr. Lawson failed to articulate clearly the specific claim or claims he is asserting against each named Defendant and he failed to provide specific factual allegations in support of his claims. Magistrate Judge Boland also noted that large portions of the complaint consisted of conclusory factual allegations and generic legal argument that was not linked to any specific claims for relief. The Court agrees with these characterizations of the original complaint.

The amended complaint filed on June 9 similarly fails to comply with the pleading requirements of Rule 8. The amended complaint also consists of conclusory factual allegations and unnecessary and often repetitive legal arguments that, either separately or in combination, do not provide a short and plain statement of Mr. Lawson's claims showing he is entitled to relief. Ascertaining the specific claims being asserted in the amended complaint also is complicated by the fact that Mr. Lawson asserts each claim pursuant to multiple legal theories without clarifying how the limited factual allegations

3

might support the various claims being asserted. Any attempt to differentiate among the various claims being asserted is further complicated by the fact that Mr. Lawson incorporates the entirety of the amended complaint into each successive claim being asserted.

Magistrate Judge Boland specifically advised Mr. Lawson that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Lawson that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Despite, these advisements, Mr. Lawson has failed to file an amended complaint that complies with the pleading requirements of Rule 8. As a result, the action will be dismissed. Accordingly, it is

ORDERED that the motion for leave to amend filed on June 9, 2010, is granted. It is

FURTHER ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this __1st__ day of __July__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01063-BNB

James R. Lawson
764 S. Osage Street
PO Box 9758
Denver, CO 80209-0758

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/2/10

                                GREGORY C. LANGHAM, CLERK

                              By: _____
                                          Deputy Clerk